COURT OF APPEALS
DECISION
DATED AND FILED

**January 28, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2018AP1235**

**STATE OF WISCONSIN**

Cir. Ct. No. 1997CI1

**IN COURT OF APPEALS
DISTRICT III**

IN RE THE COMMITMENT OF HENRY POCAN:

STATE OF WISCONSIN,

    PETITIONER-RESPONDENT,

  V.

HENRY POCAN,

    RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Outagamie County: GREGORY B. GILL, JR., Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Henry Pocan appeals from an order denying his petition for discharge from a commitment under WIS. STAT. ch. 980 (2017-18).[1] Pocan challenges both the adequacy of the circuit court's articulation of its findings of ultimate fact and the sufficiency of the evidence to support the court's determination.  We conclude the court's factual findings were adequately stated and there was sufficient evidence to support the court's determination.  Accordingly, we affirm the order denying discharge.

## BACKGROUND

¶2     Pocan was deemed to be a sexually violent person and involuntarily committed under WIS. STAT. ch. 980 in 1998.  This appeal concerns a petition for discharge that Pocan filed in 2017.[2]  The petition alleged that Pocan was entitled to discharge because there was new information—based upon an annual evaluation performed by Dr. Courtney Endres—showing that Pocan no longer met the criteria for continued commitment.

¶3     After the State conceded that a discharge trial on the petition was warranted, a bench trial occurred on May 22, 2017.  Relevant to this appeal, psychologist Dr. Donn Kolbeck testified for the State.  Kolbeck diagnosed Pocan with antisocial personality disorder and concluded that the disorder predisposes Pocan to commit crimes of sexual violence because it affected his ability to control his behavior.  Kolbeck based his diagnosis on Pocan's long history of antisocial behaviors, from lying, stealing, aggression and truancy in childhood to repeated acts

---

[1] All references to the Wisconsin Statutes are to the 2017-18 verison unless otherwise noted.

[2] It appears from circuit court docket entries that Pocan has subsequently been granted supervised release, but he is still subject to the care and custody of the Department of Health Services.

of physical and sexual violence, burglary, vehicle theft, obscene phone calls, supervision failures, and lack of remorse as an adult. Kolbeck acknowledged that Pocan had "partially" aged out of the disorder and had made "considerable improvements in some areas" of his behavior over the years of his confinement. Kolbeck asserted, however, that Pocan continued to exhibit signs of "deceitfulness, irresponsibility, and impulsivity" indicative of the disorder, as evidenced by two incidents within the preceding year.

¶4 Doctor Endres, the author of the report following Pocan's annual evaluation, testified that she did not believe Pocan presently manifested the symptoms of antisocial personality disorder. She formed her opinion by focusing on Pocan's behavior over the past few years, because her review of relevant literature led her to believe that antisocial personality disorder can remit over time.

¶5 In its oral decision, the circuit court noted the differing opinions provided by Kolbeck and Endres regarding whether Pocan currently qualifies for a diagnosis of antisocial personality disorder. After discussing the experts' reports at length, the court concluded that Kolbeck's report (in conjunction with the report of another doctor not at issue on this appeal relating to Pocan's progress in treatment) provided sufficient evidence that Pocan continued to meet the criteria for commitment as a sexually violent person.

¶6 Pocan appeals, asserting the circuit court never resolved the factual dispute amongst the experts over Pocan's mental condition with an explicit finding that Pocan currently suffered from antisocial personality disorder. He further argues the evidence was insufficient to support any such implicit finding, because Kolbeck's opinion was not based on Pocan's more recent behavior and, therefore, was not credible as a matter of law.

## DISCUSSION

¶7 A person committed under WIS. STAT. ch. 980 is entitled to periodic re-examination under WIS. STAT. § 980.07, and he or she may petition the circuit court for discharge at any time. The petitioner must allege facts from which a court or jury would likely conclude that the petitioner no longer meets the criteria for commitment as a sexually violent person—namely, that the subject: (1) committed a sexually violent offense; (2) currently has a mental disorder affecting emotional or volitional capacity and predisposing the subject to engage in acts of sexual violence; and (3) is dangerous because the mental disorder makes it more likely than not that the subject will engage in future acts of sexual violence. WIS. STAT. § 980.09(2). If the petitioner meets this initial burden, the State must prove by clear and convincing evidence at a discharge trial that the petitioner still meets the criteria. Sec. 980.09(3).

¶8 Whenever a case is tried without a jury, the circuit court "shall find the ultimate facts and state separately its conclusions of law thereon." WIS. STAT. § 805.17(2). "Ultimate facts" are not evidentiary facts, but rather the elements of the claim. *See State v. Martwick*, 2000 WI 5, ¶16, 231 Wis. 2d 801, 604 N.W.2d 552 (explaining that evidentiary facts are the premises on which conclusions of ultimate fact are based); *Hannemann v. Craig Boyson, D.C.*, 2004 WI App 96, ¶22, 273 Wis. 2d 457, 681 N.W.2d 561 (discussing ultimate facts in terms of elements of a claim in analogous context of special verdict forms). A circuit court's findings of ultimate fact need not be supplemented by commentaries on the evidence or reasons for which the findings were made. *Chernetski v. American Family Mut. Ins. Co.*, 183 Wis. 2d 68, 80, 515 N.W.2d 283 (Ct. App. 1994).

¶9      The first issue Pocan raises on appeal is that the circuit court "made no finding of ultimate fact as to whether Pocan has a mental condition that predisposes him to commit acts of sexual violence."  Pocan alternately and repeatedly rephrases this issue throughout his brief in terms of whether the court made a finding that he currently suffers from antisocial personality disorder.  The State responds that the identity of the particular disorder from which Pocan suffers is a question of evidentiary fact.  It contends the court satisfied its obligation to make a finding of ultimate fact when it stated that Pocan continued to meet the criteria for commitment.

¶10      We conclude the circuit court's statement that Pocan continued to meet the criteria for commitment was an adequately articulated finding of ultimate fact when considered in conjunction with the court's earlier explanation of the criteria for commitment.  Specifically, near the beginning of the hearing at which the court announced its decision, the court observed that the State bore the burden of proving that Pocan met the criteria for commitment as a sexually violent person, "meaning a person who has been convicted of a sexually violent offense and who is dangerous because he suffers from a mental disorder that makes it likely that he will engage in one or more acts of sexual violence."  Taken together, the court's two statements can be only understood to mean that the court did, in fact, determine the ultimate fact that Pocan currently had a mental condition that predisposes him to commit acts of sexual violence.

¶11      Furthermore, even assuming that the circuit court should have made a separate finding with respect to each element or criteria for continued commitment, the court's failure to do so would not warrant vacating the order denying discharge in this case.  When a court fails to make necessary findings, this court on appeal may adopt one of three courses:  (1) affirm the order if it is clearly supported by the

5

preponderance of the evidence; (2) reverse the order if it is not so supported; or (3) remand for the making of findings and conclusions. *Jacobson v. American Tool Cos., Inc.*, 222 Wis. 2d 384, 394, 588 N.W.2d 67 (Ct. App. 1998). Here, and contrary to Pocan's second argument, we are satisfied that the opinion evidence Kolbeck provided was sufficient to support the court's determination that Pocan currently had a mental condition that predisposed him to commit acts of sexual violence.

¶12 Pocan argues that Kolbeck's opinion as to Pocan's mental condition was not credible because there is no "recent" evidence in the record to support it. However, Pocan does not point to any evidence in the record that current diagnostic tools require observed behaviors to have occurred within any specific time frame for there to be a proper diagnosis of antisocial personality order. Kolbeck discussed a continuing course of conduct over Pocan's entire life. Furthermore, Pocan minimizes the two incidents that had occurred in the year preceding the hearing, on which Kolbeck relied. The fact that those incidents were not violent does not mean that they were not characteristic of an antisocial disorder. When those incidents are placed in the context of Pocan's long history of antisocial behavior, we cannot conclude that Kolbeck's opinion regarding Pocan's current mental condition was without record support and incredible as a matter of law. In short, the circuit court was entitled to rely upon Kolbeck's opinion.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.